IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JUDY CUTTRELL,

        Plaintiff,

v.                                               Civil Action Number 2:14-cv-17303

ETHICON, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a Motion to Dismiss filed by defendants Ethicon, Inc. and Johnson & Johnson on January 28, 2020. [ECF No. 31]. In the Motion, defendants move to dismiss the instant Case No. 2:14-cv-17303 as duplicative of an earlier action, Case No. 2:14-cv-14379. The parties have responded and replied, making the matter ripe for decision. [ECF Nos. 33, 34]. For the reasons discussed below, the Motion is **GRANTED**.

    **I.**    **BACKGROUND**

In April of 2014, plaintiff, by counsel Erin Copeland, filed a Short Form Complaint, Case No. 2:14-cv-14379, alleging that plaintiff was implanted with Prolift mesh on April 13, 2009 at Freeman Health System in Joplin Missouri by Todd A. Richards, M.D. [2:14-cv-14379, ECF No. 1]. On May 30, 2014, different plaintiff's counsel, Amy Collignon Gunn, filed this action on behalf of plaintiff. [ECF No. 1]. On December 11, 2018, the parties filed a Stipulation of Dismissal with Prejudice in Case No. 2:14-cv-14379. [2:14-cv-14379, ECF No. 19]. In the instant case (2:14-cv-17303), plaintiff alleges the same causes of action and operative facts as those contained in the previously dismissed action.

Defendants filed the instant Motion to Dismiss, arguing that this case is duplicative of the earlier dismissed action and that principles of *res judicata* bar plaintiff from further prosecuting her claims. Plaintiff argues that *res judicata* is not a proper ground for a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and that, even if it were, the deadline for dispositive motion practice is this action has passed.

**II.     DISCUSSION**

As a preliminary matter, I find that the instant Motion may be treated as a Rule 12(c) motion for judgment on the pleadings, even though the dispositive motions deadline has passed. Rule 12(h)(2) provides that the defense of failure to state a claim upon which relief can be granted as set forth in Rule 12(b)(6) may be raised "by motion for judgment on the pleadings, or at the trial on the merits." Fed. R. Civ. P. 12(h)(2); *see* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 514-15 (2d ed. 1990). Therefore, as a matter of motion practice, the defendants' Motion should be viewed as a Rule 12(c) motion for judgment on the pleadings raising the defense of failure to state a claim upon which relief can be granted.

Defendants asserted the defense of *res judicata* in their Master Answers. Here, I find that this defense acts as a bar to the present action. Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001). Thus, claim preclusion will apply to bar a suit based on a previous judgment if: (1) "the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process[;]" (2) "the parties are identical, or in privity, in the two actions" and (3) "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding—i.e., the claims arise out

of the same transaction or series of transactions, or the same core of operative facts." *Duckett v. Fuller*, 819 F.3d 740, 744 (4th Cir. 2016)

A voluntary stipulation of dismissal with prejudice submitted under Rule 41(a)(1)(A)(ii), such as the one filed by plaintiff on December 11, 2018, in 2:14-cv-14379 acts as a final adjudication on the merits. *Bryant v. V Transp., Inc.*, 231 F.R.D. 480, 481 (E.D. Va. 2005). The Short Form Complaint in this case is identical in every respect to the action that was voluntarily dismissed with prejudice in Case No. 2:14-cv-14379. It involves the same parties and the same core of operative fact. The prior judgment was final and on the merits. The present action is barred by *res judicata* and may not be relitigated following a stipulated dismissal with prejudice under Rule 41(a)(1)(A)(ii).

Therefore, the Motion to Dismiss [ECF No. 31] is **GRANTED.** The Clerk is instructed to close this case and strike it from the docket. Any other pending motions are **DENIED** as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 30, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3